UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESGAR ROMERO, individually and on behalf of all other persons similarly situated who were employed by SID BOYS CORP d/b/a KELLOGG'S DINER, and CHRISTOS SIDERAKIS and IRENE SIDERAKIS, individually,<br><br>Plaintiffs,<br><br>- against -<br><br>SID BOYS CORP d/b/a KELLOGG'S DINER, and CHRISTOS SIDERAKIS and IRENE SIDERAKIS, individually;<br><br>Defendants. | Case No.: 18cv6583 (ARR)(CLP)<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION FIRST AMENDED COMPLAINT** |

The Named Plaintiff, by his attorneys, Virginia & Ambinder, LLP and the Community Development Project, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§206, 207, and 216(b); New York Labor Law § 190 *et seq.*; New York Labor Law §§ 663 and 650 *et seq.*; New York Labor Law §§ 193 and/or 198-b and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146 *et seq.* to recover minimum wages, overtime compensation, spread of hours compensation, unlawful deductions, uniform maintenance pay and damages arising from record-keeping violations owed to Esgar Romero (hereinafter referred to as the "Named Plaintiff"), and all similarly situated persons who are presently or were formerly employed by SID BOYS CORP d/b/a KELLOGG'S DINER, (hereinafter referred to as "Corporate Defendant" or "Kellogg"), and CHRISTOS SIDERAKIS and IRENE SIDERAKIS (hereinafter collectively referred to as "Defendants").

2.     Beginning in approximately November 2012 and, upon information and belief,

continuing through the present, Defendants have engaged in a policy and practice of requiring Plaintiff and the putative class to regularly work in excess of forty (40) hours per week, without providing all minimum wages owed and/or overtime compensation, as required by applicable Federal and New York State law.

3.      Beginning in approximately November 2012 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring Plaintiff and the putative class to regularly work in excess of ten (10) hours per week, without providing an additional hour's wage, as required by applicable New York State law.

4.      Beginning in approximately November 2012 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring Plaintiff and the Putative Class to purchase and wear every day uniform T-Shirt, displaying the Kellogg's Diner logo, at the cost of $18 to $20 a piece, and did not reimburse them for the expense.  Defendants did not pay Plaintiffs' uniform maintenance pay required by 12 NYCRR § 146-1.7.

5.      Beginning in approximately November 2012 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of unlawfully charging Plaintiffs' for unpaid client bills at the Defendants' Diner in violation of NYLL §§ 193 and/or 198-b.

6.      Beginning in approximately November 2012, and upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to provide their Plaintiff and the putative class with wage notices and wage statements in Plaintiffs' primary language, as required by applicable New York State law.

7.      The Named Plaintiff, on behalf of himself and all other similarly situated

individuals, has initiated this action seeking unpaid overtime compensation and damages arising out of Defendants' failure to provide weekly wage notices, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

8.        Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

9.        Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

10.        Plaintiff Esgar Romero is an individual who resides in New York, and who formerly worked for Defendants, from approximately September 9, 2013 through October 29, 2018, as delivery person and beginning in October 2017 as a delivery person and food preparer.

11.        Upon information and belief, Defendant by Sid Boys Corp. d/b/a Kellogg's Diner is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 518 Metropolitan Ave., Brooklyn, New York 11211, and is engaged in the restaurant business.

12.        Upon information and belief, Defendants Christos Siderakis and Irene Siderakis are residents of 518 Metropolitan Ave., Brooklyn, New York 11211, and/or at all relevant times were, officers, directors, presidents, vice presidents, and/or owners of the Corporate Defendant.

## FLSA COLLECTIVE ACTION AND RULE 23 CLASS ALLEGATIONS

13.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as the "FRCP") with respect to the New York Labor Law claims asserted herein.

14.     This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendants as wait staff, bus staff, cooks, food preparers, dishwashers, delivery personnel, and in other restaurant-related occupations, other than office and executive personnel.

15.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

16.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include, but are not limited to: 1) whether Defendants failed to pay minimum wages for all hours worked up to forty in one week; 2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; 3) whether the Defendants failed to pay spread of hours compensation on those days when Plaintiffs' shifts exceeded ten (10) hours in one; 4) whether the Defendants failed to reimburse Plaintiffs' for purchased uniform T-shirts and provide uniform maintenance pay; 5) whether the Defendants required Plaintiffs for bills left unpaid by Defendants' clients; and 6) whether the Defendants failed to provide proper wage notices and wage statements in Plaintiffs' primary language.

17.     The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class were all subject to Defendants' policies and willful practices of failing to pay all minimum wages, failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week, failing to pay spread of hours compensation even though Plaintiffs' shifts regularly exceeded ten hours in one day, as well as failing to provide wage notices and wage statements in Plaintiffs' primary language.

18.     The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.  The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

19.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.  A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

20.     Beginning in or about November 2012, Defendants employed numerous individuals at Defendants' 24 hour diner in Brooklyn, New York  as wait staff, bus staff, cooks, food preparers, dishwashers, cleaners, delivery personnel, and in other restaurant-related occupations.

21.     Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Corporate Defendant constitutes an "enterprise engaged in commerce."

22.     Upon information and belief, Defendants' gross yearly revenues are in excess

of $500,000.00.

23.     Upon information and belief, Plaintiffs constitute or constituted "employees," as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

24.     The payments made to Plaintiffs by Defendants constitute "wages," as that term is defined under New York Labor Law § 651.

25.     While working for Defendants, Plaintiffs were regularly required to perform work for Defendants in excess of 40 hours each week, without receiving all minimum wages earned, proper overtime compensation, spread of hours compensation, and without receiving proper wage notices and statements as required by applicable federal and state law.

26.     While working for Defendants, Plaintiffs were regularly required to purchase uniform T-shirts and were not reimbursed for the cost and Defendants did not pay Plaintiffs uniform maintenance pay.

27.     While working for Defendants, Plaintiffs were required to pay for Defendants' guests' unpaid bills.

28.     Plaintiff Esgar Romero worked for Defendants from approximately September 9, 2013 through October 29, 2017, as delivery person, and beginning in October 2017 until the end of his employment with Defendants as a delivery person and food preparer.

29.     While working for Defendants, Plaintiff Romero normally worked 5-7 days per week.  When he worked solely as a delivery worker he totaled approximately 35 hours per week. He typically worked Tuesdays and Wednesdays from 4:00 p.m. until 12:00 a.m.; on Thursdays, he worked from approximately 7:00 a.m. through 4:00 p.m.; on Saturdays and Sundays, he normally worked from approximately 10:00 a.m. to 3:00 p.m. In October 2017, when Plaintiff

Romero's duties were expanded to food preparer, in addition to his delivery duties, he totaled approximately 82 hours per week. Beginning in October 2017, Plaintiff Romero worked on Mondays from 9:00a.m. to 5:00 p.m.; on Tuesdays from 10:a.m. to 1:00 a.m.; on Wednesdays from 8:00 a.m. to 1:00 a.m.; on Thursdays from 7:00 a.m. to 10:00 p.m.; on Fridays from 10:00 a.m. to 6:00 p.m., and on Saturdays and Sundays from 8:00 a.m. to 6:00 p.m.

30.     While working for the Defendants as a delivery boy, Plaintiff Romero was paid a flat weekly wage of approximately $100.00 in cash plus tips of approximately $200.00, per week.

31.     While working for the Defendants as a delivery boy and food preparer, Plaintiff Romero was paid a flat weekly wage of approximately $250.00 in cash plus tips of approximately $200.00, per week.

32.     Although Defendants issued a check made out to Plaintiff Romero, they kept the actual check and paid Plaintiff in cash.

33.     While working for Defendants, Plaintiff Romero spent approximately $150 per month in bicycle maintenance and repairs, for which he was never reimbursed.

34.     While working for Defendants as a delivery boy, Plaintiff Romero was required to spend several hours of his shift performing non-tipped work, such as prepping in the kitchen, cutting vegetables, and stocking various products delivered to the Diner. Plaintiff Romero was not paid at the regular minimum wage rate for hours spent preforming non-tipped work.

35.     While working for Defendants, Plaintiffs were regularly clocked out by a cashier Named Natalia, one to three hours before they actually stopped working.

36.     Plaintiff and the putative class were not paid all minimum wages earned for up

to 40 hours worked each week.  Plaintiff and the putative class were not paid overtime wages at one and one-half times their regular hourly rate for the hours over forty they worked each week. Plaintiff and the putative class were also not paid an additional hour's wage on the days they were required to work a shift exceeding ten hours in one day.  Moreover, Plaintiff and the putative class did not receive wage notices and statements in their primary language.

37.     Upon information and belief, Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets and payroll records.

38.     Upon information and belief, Defendants Christos Siderakis and Irene Siderakis were or are officers, directors, shareholders, and/or presidents or vice presidents of the Corporate Defendant, and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

39.     Upon information and belief, Defendants Christos Siderakis and Irene Siderakis dominated the day-to-day operating decisions of Corporate Defendant, made major personnel decisions for Corporate Defendant, and had complete control of the alleged activities of Corporate Defendant that give rise to the claims brought herein.

40.     Upon information and belief, Defendants Christos Siderakis and Irene Siderakis were or are supervisors, officers and/or agents of Corporate Defendant, who acted directly or indirectly in the interest of Corporate Defendant, and are or were employers within the meaning of the Fair Labor Standards Act.  Christos Siderakis and Irene Siderakis, in their capacities as officers, directors, shareholders, and/or presidents or vice presidents, actively participated in the unlawful method of payment for Corporate Defendant's employees.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA MINIMUM WAGE COMPENSATION**

41.     Plaintiffs repeat and re-allege the allegations set forth in paragraph 1 through 40 hereof.

42.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

43.     Defendants are employers, within the meaning contemplated under U.S.C. § 203(d).

44.     The Named Plaintiff and the putative class are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

45.     The Named Plaintiff and the putative class, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

46.     None of the exemptions of 29 U.S.C. § 213 applies to Plaintiff and the putative class.

47.     Upon information and belief, Defendants violated the FLSA by failing to pay Named Plaintiff and the putative class minimum wages for hours worked in any given week.

48.     Upon information and belief, the failure of Defendants to pay Named Plaintiff and the putative class their rightfully-owed wages was willful.

49.     By the foregoing reasons, Defendants are liable to the Named Plaintiff and the

putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK MINIMUM WAGE COMPENSATION

50.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 49 hereof.

51.     Title 12 NYCRR § 142-2.1 states that, "[t]he basic minimum hourly rate shall be: (a) The basic minimum hourly wage rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or its successors."

52.     New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

53.     Pursuant to Labor Law § 651, the term "employer" includes "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

54.     Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, Defendants are "employer[s]."

55.     Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

56.     As persons employed for hire by Defendants, the Named Plaintiff and the putative class are "employees," as understood in Labor Law § 651.

57.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Named Plaintiff and the putative class.

58.     Defendants violated New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.1 by failing to pay the Named Plaintiff and the putative class minimum wages for all hours worked in any given week.

59.     The failure of Defendants to pay the Named Plaintiff and the putative class their rightfully-owed wages was willful.

60.     By the foregoing reasons, Defendants have violated New York Labor Law § 650 *et seq*. and 12 NYCRR § 142-2.1, and are liable to the Named Plaintiff and the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA OVERTIME COMPENSATION**

61.     The Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 60 hereof.

62.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

63.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer . . . ."

64.     Plaintiff and other members of the putative class are employees, within the

meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

65.     Corporate Defendant constitutes an "employer" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, is liable for violations of the FLSA. § 203(d).

66.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Defendants Christos Siderakis and Irene Siderakis constitute "employers" for the purpose of the FLSA and, consequently, are liable for violations of the FLSA.

67.     Defendants failed to pay the Named Plaintiff and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

68.     Upon information and belief, the failure of Defendants to pay the Named Plaintiff and other members of the putative class their rightfully owed overtime compensation was willful.

69.     By the foregoing reasons, Defendants are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK STATE OVERTIME COMPENSATION

70.     The Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 69 hereof.

71.     Pursuant to Articles 6 and 19 of the New York Labor Law, workers, such as the Named Plaintiff and other members of the putative class, are protected from wage underpayments and improper employment practices.

72.     Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee

for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek…."

73.     Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

74.     As persons employed for hire by Defendants, the Named Plaintiff and other members of the putative class are "employees," as understood in Labor Law § 651 and case law interpreting the same.

75.     Corporate Defendant is an "employer" within the meaning of § 651.

76.     Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Defendants Christos Siderakis and Irene Siderakis are "employers."

77.     The Named Plaintiff and other members of the putative class worked more than forty hours per week while working for Defendants.

78.     Upon information and belief, the Named Plaintiff and other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.

79.     Consequently, by failing to pay to the Named Plaintiff and other members of the putative class overtime compensation, Defendants violated New York Labor Law §§ 650 *et seq.*, and 663; and 12 NYCRR § 146-1.4.

80.     Upon information and belief, Defendants' failure to pay the Named Plaintiff and other members of the putative class overtime compensation was willful.

81.     By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq.* and 663; and 12 NYCRR § 146-1.4, and are liable to the Named Plaintiff and other

members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK SPREAD OF HOURS LAW

82.     The Named Plaintiffs repeats and re-alleges the allegations set forth in paragraphs 1 through 81 hereof.

83.     Title 12 NYCRR § 146-1.6 requires that "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

84.     Defendants failed to pay the Named Plaintiff and the members of the putative class "spread of hours" compensation.

85.     Upon information and belief, Defendants' failure to pay "spread of hours" compensation was willful.

86.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK– FAILURE TO PROVIDE ANNUAL WAGE NOTICES

87.     The Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 86 hereof.

88.     Defendants have willfully failed to supply the Named Plaintiff and the putative class with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay

and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

89.    The Named Plaintiff and the putative class did not receive proper wage notices during their employment with Defendants.

90.    Through their knowing or intentional failure to provide the Named Plaintiff and the putative class with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

91.    According to NYLL § 198-1(b), the Named Plaintiff and the putative class are entitled to $50 for every day in which they did not receive a proper wage notice and/or statement, or a total of $5,000, together with costs and reasonable attorney's fees.

92.    By the foregoing reasons, Defendants have violated NYLL §§ 195(1) and 198-1(b) and are liable to the Named Plaintiff and the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK - FAILURE TO PROVIDE WAGE STATEMENTS

93.    The Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 92 hereof.

94.    Pursuant to NYLL §§ 198-1(d) and 195(3) and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the employee's

rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

95.     According to NYLL § 198-1(d), the Named Plaintiff and the putative class are entitled to $250 for every day in which they did not receive a pay stub and/or wage statement, or a total of $5,000, together with costs and reasonable attorney's fees..

96.     The Named Plaintiff and the putative class did not receive proper paystubs each week that they worked.

97.     By the foregoing reasons, Defendants have violated NYLL §§ 198-1(d) and 195(3) and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Named Plaintiff and the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION:
## NEW YORK – UNLAWFUL DEDUCTIONS

98.     The Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 97 hereof.

99.     During the relevant time, Defendants unlawfully made charges against the wages of Plaintiffs, in violation of NYLL §§ 193 and/or 198-b.

100.     Defendants' violations of the NYLL, as described, were willful and intentional.

101.     Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from

Defendants, the amount of unlawful deductions, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## NINTH CAUSE OF ACTION
## NEW YORK - FAILURE TO PROVIDE UNIFORM MAINTENANCE PAY AND REIMBURSEMENTS FOR UNIFORMS

102.    The Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 101 hereof.

103.    During the relevant time, Defendants failed to provide Plaintiffs uniform maintenance pay, in violation of 12 NYCRR § 146-1.7.

104.    During the relevant time, Defendants failed to reimburse Plaintiffs for the cost of required uniforms, in violation of 12 NYCRR § 146-1.8.

105.    Defendants' violations of the NYLL and its implementing regulations, as described, were willful and intentional.

106.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants, the uniform maintenance pay and the costs of required uniforms, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## TENTH CAUSE OF ACTION
## NEW YOR - FAILURE TO PAY WAGES

107.    Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 106 hereof.

108.    Pursuant to the Article Six of the New York Labor Law, workers, such as Named Plaintiff and other members of the putative class, are protected from wage underpayments and improper employment practices.

109.    Pursuant to Labor Law § 190, the term "employee" means "any person employed

for hire by an employer in any employment."

110.    As persons employed for hire by Defendants, Named Plaintiff and other members of the putative class are "employees," as understood in Labor Law §190.

111.    Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

112.    Pursuant to Labor Law § 650 et seq., Named Plaintiff and other members of the putative class were entitled to be paid by Defendants for each hour worked.

113.    As an entity that hired Named Plaintiff and other members of the putative class, Defendants are "employers."

114.    In failing to pay Named Plaintiff and other members of the putative class wages for the first forty hours worked in a week and in failing to pay Named Plaintiff and other members of the putative class wages for all hours worked, Defendants violated Labor Law § 191, by failing to pay Named Plaintiff and other members of the putative class all of their wages earned within the week such wages were due.

115.    Upon information and belief, Defendants' failure to pay Named Plaintiff and other members of the putative class wages for the first forty hours worked in any week and failure to pay Named Plaintiff and other members of the putative class wages for all hours worked was willful.

116.    New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

117.    Upon information and belief, Defendants' failure to pay Named Plaintiff and other members of the putative class wages earned for all hours worked in one week was willful.

118.    By the foregoing reasons, Defendants have violated New York Labor Law §190 et seq., and 650 et seq. and are liable to Named Plaintiff and other members of the putative class in an amount to be determined at trial, interest, liquidated damages, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of those similarly situated, and other members of the putative class, demand judgment:

(1) on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs,

(2) on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(3) on their third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(4) on his fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5) on their fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(6) on their sixth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law

sections;

(7) on their seventh cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(8) on their eighth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(9) on their ninth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(10) on their tenth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(11) Any further relief the Court may deem appropriate.


Dated:  New York, New York
         March 1, 2019


By:     /s/ Leonor H. Coyle
        LaDonna M. Lusher, Esq.
        Virginia & Ambinder, LLP
        40 Broad Street, 7th Floor,
        New York, New York 10004
        llusher@vandallp.com
        lcoyle@vandallp.com
        Tel:    (212) 943-9080
        Fax:    (212) 943-9082


            And

By:     <u>/s/ S. Tito Sinha</u>
Community Development Project
123 William Street, Sixteenth Floor
New York, New York 10038
tsinha@urbanjustice.org
Tel:     (646) 459-3032
Fax:     (212) 533-4598

*Attorneys for Named Plaintiff and Putative Class*