UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ESGAR ROMERO, *individually and on behalf of all other persons similarly situated who were employed by* SID BOYS CORP. *d/b/a* KELLOGGS DINER, *and* CHRISTOS SIDERAKIS *and* IRENE SIDERAKIS, *individually*,

                        Plaintiffs,

          -against-

SID BOYS CORP. *d/b/a Kelloggs Diner*, CHRISTOS SIDERAKIS, *and* IRENE SIDERAKIS,

                        Defendants.
-----------------------------------------------------------X

**ORDER**
18 CV 6583 (EK) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On November 18, 2018, plaintiff Esgar Romero filed this action, individually and on behalf of all persons similarly situated who were employed by defendants Sid Boys Corp., d/b/a Kelloggs Diner[1] ("Sid Boys" or "corporate defendant"), Christos Siderakis, and Irene Siderakis (together, the "individual defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the New York Labor Law, Art. 6 § 190 et seq. and Art. 19 §§ 663 and 650 et seq., and the supporting New York State Department of Labor regulations, 12

---

[1] The Court notes that plaintiff worked as a delivery person and food preparer at Kellogg's Diner, a restaurant, which the parties acknowledge was purchased by Mr. Siderakis in September 2013 through his corporation, Sid Boys. (See Am. Compl. ¶¶ 10-11; Def.'s Mot. at 2). For consistency's sake, the Court will refer to the corporate defendant as "Sid Boys," although the parties use the names interchangeably. (See ECF No. 40).

1

N.Y.C.R.R. § 146 et seq. (collectively, "NYLL"). (See ECF No. 1). Plaintiff's Complaint alleges that defendants failed to pay minimum wages, overtime and spread-of-hours compensation, as well as "recork-keeping violations." (Id.) On March 6, 2019, plaintiff filed an amended Complaint, adding additional claims that defendants took unlawful deductions and failed to pay for maintenance of the uniform plaintiff was required to wear, pursuant to the same provisions. (Am. Compl.[2]).

Presently before the Court is defendant's motion to stay the case as to defendant Irene Siderakis pending resolution of the corporate defendant's bankruptcy proceeding. (See Def.'s Mot.[3]).

## FACTUAL BACKGROUND[4]

Plaintiff's Amended Complaint alleges that Sid Boys is a domestic corporation organized pursuant to the laws of the State of New York, with its principal place of business at 518 Metropolitan Avenue, Brooklyn, New York 11211. (Am. Compl. ¶ 11). The individual defendants are alleged to be residents of the same address, and "at all relevant times were[] officers, directors, presidents, vice presidents, and/or owners" of Sid Boys. (Id. ¶ 12). According to the Amended Complaint, plaintiff worked for defendants from approximately September 9, 2013 through October 29, 2018. (See id. ¶ 10). Plaintiff initially worked as a delivery driver, but, beginning in October 2017, plaintiff was tasked with preparing food in

---

[2] Citations to "Am. Compl." refer to plaintiff's Amended Complaint, filed March 6, 2019, ECF No. 20.
[3] Citations to "Def.'s Mot." refer to defendant's Letter Motion to extend the automatic stay to co-defendant individually, filed Oct. 22, 2022, ECF No. 41.
[4] The Court will only set out the factual allegations that are pertinent to the motion to extend the bankruptcy stay to Ms. Siderakis. Thus, the Court will not address the allegations that defendants violated the FLSA and NYLL.

addition to his delivery responsibilities. (Id.) Plaintiff alleges that the individual defendants held supervisory power over the Sid Boy employees, including plaintiff, made hiring and firing decisions, controlled work schedules and pay, and maintained employment records. (Id. ¶¶ 38, 40). Indeed, according to the Amended Complaint, the individual defendants "dominated the day-to-day operating decisions" of Sid Boys, "made major personnel decisions," and "had complete control of the alleged activities" of Sid Boys that plaintiff contends violated the FLSA and NYLL. (Id. ¶ 39).

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this action on November 19, 2018. (See ECF No. 1). After the initial conference before this Court, plaintiff filed an Amended Complaint on March 6, 2019.[5] (See Am. Compl.). Defendants answered on April 1, 2019. (See ECF No. 22). On May 7, 2019, the parties stipulated to collective action certification, which was So Ordered by this Court on May 13, 2019. (See ECF Nos. 24-25). Discovery proceeded, but after several conference adjournments and discovery deadline extensions, the parties jointly moved to stay the case on January 8, 2021. (See ECF No. 38). The parties stated that they had completed paper discovery, scheduled depositions, and hoped to engage in settlement discussions. (Id.) However, because defendants had incurred "significant financial losses," which were exacerbated by the COVID-19 pandemic, the parties were seeking a stay of the matter and were hopeful that, by the end of summer 2021, "Defendants' business and financial situation [would] improve and allow for resolution of this matter." (Id.) This Court granted the stay in part,

---

[5] Defendants stipulated to the filing of plaintiff's Amended Complaint. (See ECF No. 19).

allowing the parties to postpone depositions, but set a status conference for April 21, 2021. (See Electronic Order, dated Jan 12, 2021).

At the April 21, 2021 status conference, the parties informed the Court that they had scheduled a mediation for the end of July. (See Minute Entry, dated Apr. 22, 2021). On July 30, 2021, the parties informed the Court that they were unable to reach a resolution in mediation and requested permission to proceed with depositions. (See ECF No. 39). The Court granted the request and scheduled a status conference for October 15, 2021. (See Electronic Order, dated Aug 2, 2021). On August 31, 2021, defendants notified the Court that the corporate defendant, Sid Boys, filed for bankruptcy on August 28, 2021 in the Bankruptcy Court of the Eastern District of New York. (See ECF No. 40).

The Court, noting that an automatic stay applied to Sid Boys as a result of the bankruptcy filing, Ordered the parties to appear at the October 15, 2021 status conference and be prepared to address whether the automatic stay would extend to Ms. Siderakis, the remaining individual defendant.[6] (See Electronic Order, dated Sept. 13, 2021). At the October 15, 2021 conference, the Court heard argument and set a briefing schedule. Defendant filed its motion to extend the stay to Ms. Siderakis on October 22, 2021, and plaintiff responded on October 29, 2021. (See Def.'s Mot.; Pl.'s Resp.[7]).

Defendant argues that the automatic stay should be extended to defendant Irene Siderakis. (Def.'s Mot. at 1). Ms. Siderakis contents that, because she is the "sole

---

[6] Although Christos Siderakis is also named as a defendant, Mr. Siderakis passed away in April 2018, according to defense counsel. (Def.'s Mot at 1). However, the Court notes that there has been no dismissal as to Mr. Siderakis.

[7] Citations to "Pl.'s Resp." refer to plaintiff's response in opposition to defendant's motion, filed Oct. 29, 2022, ECF No. 42.

4

owner/operator" of Sid Boys, she would be "significantly harmed if this action proceeds during the pendency of the bankruptcy." (Id. at 1-2). She further states that she took over ownership and management of Sid Boys upon Mr. Siderakis' passing in 2018. (Id. at 2). According to defendant, Sid Boys owes its landlord over $1,000,0000 for unpaid rent and payments on other loans due to, among other business issues, the COVID-19 pandemic. (Id.) Citing to various cases, defendant argues that the automatic stay should be extended because Sid Boys and Ms. Siderakis are "one and the same, and their actions and interest are so interwoven that they can be said to share an identity." (Id. at 4). Further, defendant asserts that any action against Ms. Siderakis would have a "material effect upon [Sid Boy's] reorganization efforts" because Ms. Siderakis is primarily responsible for those efforts as the owner and sole shareholder. (Id.) Ms. Siderakis also contends that, because is the sole shareholder of Sid Boys, adjudicating this action against her would "undoubtedly immediately adversely impact" Sid Boys because their finances are so intertwined. (Id.) Lastly, defendant states that courts have extended the automatic stay to non-debtor parties even in FLSA and NYLL actions where the non-debtor is alleged to be independently liable for the alleged violations. (Id. at 3-4). However, defendant fails to cite any authority in support of this assertion.

In response, plaintiff argues that, since the Complaint alleges that Ms. Siderakis is "independently liable" for her actions as an employer under both the FLSA and NYLL, the stay should not be extended. (Pl.'s Opp. at 2, 5). Plaintiff also asserts that defendant has failed to provide any "evidence supporting the argument that a failure to extend the bankruptcy stay to [Ms.] Siderakis will 'significantly hinder her ability to aid in [Sid Boy's] reorganization efforts.'" (Id. at 3 (quoting Def.'s Mot. at 4)). Plaintiff notes that defendant failed to "even

submit a declaration in support" of Ms. Siderakis' request to be included in the stay.  (Id. at 4). Further, plaintiff contends that, although defendant states that Sid Boys and Ms. Siderakis are "one and the same," defendants' Answer "*repeatedly* denies that [Ms.] Siderakis controlled any aspect of Sid Boys," apparently arguing that defendants have been inconsistent in their statements regarding Ms. Siderakis' involvement in the bankruptcy proceedings.  (Id. (emphasis in original)).

## DISCUSSION

### I.   Bankruptcy Stay: Legal Standards

Once a debtor has filed for bankruptcy under Title 11 of the United States Code, an automatic stay goes into effect, staying all judicial and administrative proceedings against the debtor.  11 U.S.C. § 362(a) (providing that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor"). However, "[i]t is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."  Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) (citing cases); see Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003); see also In re Crazy Eddie Sec. Litig., 104 B.R. 582, 583-84 (E.D.N.Y. 1989).  Moreover, Chapter 11 does not generally protect non-debtors who are jointly liable on a debt with a bankrupt debtor.  Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d at 65.

While courts have recognized a narrow exception to this general rule, they have also made it clear that "[a] stay against a non-bankrupt codefendant or third-party defendant requires some 'unusual circumstances.'"  Solow v. PPI Enterprises (U.S.) Inc. et. al., 150 B.R. 9, 10

6

(S.D.N.Y. 1992) (citing A.H. Robbins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)); see also Croyden Assocs. v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992) (stating that "[t]he only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances'" (citation omitted)).  The Second Circuit concluded in Queenie Limited v. Nygard International that proceedings against a non-debtor may be stayed, but normally "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." 321 F.3d at 287-88 (citations omitted) (internal quotation marks omitted).  As examples, the court cited "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and a third-party defendant that the debtor may be said to be the real party defendant." Id. (citations omitted) (internal quotation marks omitted).  The Court must also "consider whether an extension of the stay to the non-bankrupt defendants 'would work a hardship on plaintiffs, by giving an unwarranted immunity from suit to solvent codefendants.'" Marcelino v. Mon Cher 57 Inc., No. 18 CV 11148, 2019 WL 2480402, at *3 (S.D.N.Y. June 14, 2019) (quoting Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC, No. 13 CV 4650, 2014 WL 4783008, at *3 (S.D.N.Y. Sept. 25, 2014)).

Critically, "[t]he movant bears the burden of demonstrating the need for such a stay." Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC, 2014 WL 4783008, at *3.  Indeed, the movant must present "evidence which demonstrates" the impact that denying a stay will have upon the debtor's reorganization effort. CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 34 (S.D.N.Y. 1990); see Hernandez v. Immortal Rise, Inc., No. 11 CV 4360, 2014 WL

7

991715, at *5 (E.D.N.Y. Mar. 13, 2014) (noting that the movant must put forth "real evidence" that demonstrates "an actual impact upon" the debtor's reorganization effort).

II. Analysis

As an initial matter, defendant has offered no evidence or affidavits in support of the argument that proceeding against Ms. Siderakis would result in an "actual impact upon, or threat to, [Sid Boys'] reorganization efforts." Hernandez v. Immortal Rise, Inc., 2014 WL 991715, at *5. The absence of such evidence alone justifies denial of the request to extend the stay. See Marcelino v. Mon Cher 57 Inc., 2019 WL 2480402, at *3 (denying extension of stay where there was "no way the Court [could] determine whether [the non-debtors were] solvent or not" and citing attorney declaration as inadequate proof); Rodriguez v. AMGP Rest. Corp., No. 17 CV 4870, 2018 WL 4378164, at *2 (E.D.N.Y. June 5, 2018) (denying extension of stay where defendant submitted "conclusory and generic allegations [in] declarations" stating that they "are heavily involved in the operation and running of the family business"); DeSouza v. PlusFunds Grp., Inc., No. 05 CV5990, 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006) (denying extension of stay where "no support" for defendants "role in reorganization").

However, even if the Court were to consider defendant's letter motion sufficient, "courts have declined to extend a bankruptcy stay to co-defendants in joint employment situations" such as FLSA cases. Franco v. Ideal Mortg. Bankers, Ltd., No. 07 CV 3956, 2017 WL 5195223, at *2 (E.D.N.Y. Nov. 9, 2017) (alterations omitted) (collecting cases). Indeed, despite defendant's unsupported assertion otherwise, the majority of FLSA cases have not extended the automatic stay to an individual defendant employer where the corporate defendant filed for bankruptcy. See, e.g., Mardice v. Ebony Media Operations, LLC, No. 19 CV 8910,

2021 WL 146358, at *4 (S.D.N.Y. Jan. 15, 2021) (noting that where plaintiffs "seek to hold each of the individual Defendants directly liable as joint employers under FLSA on the basis of their personal actions . . . [is] the very kind of case to which an extension of an automatic stay is not applicable"); Hernandez v. Immortal Rise, Inc., 2014 WL 991715, at *5 (noting that "a joint employment action does not warrant the extraordinary remedy of extending a bankruptcy stay to non-debtors"); Cano v. DPNY, Inc., 287 F.R.D. 251, 262 (S.D.N.Y. 2012) (holding stay extension inapplicable where complaint alleged that defendants were joint employers who violated the FLSA and NYLL).  In this FLSA case, plaintiff has alleged claims against Ms. Siderakis individually, based not only on her position as an "officer[], director[], president[], vice president[], and/or owner[]" of Sid Boys, but also based on the role she personally played in the day-to-day operations of the restaurant, including hiring and firing employees, setting pay policies, etc.  (Am. Compl. ¶¶ 12, 40, 66, 76, 90, 105, 117).  In the absence of a showing of "unusual circumstances," the allegations in this case are typical of FLSA claims against individual principals and therefore, this is not a case in which an extension of the automatic stay to the individual defendant would be warranted.

Further, although "courts in this district have stayed actions against non-debtor officers and principals of debtor corporations," they only do so where "the stayed actions would have posed a serious threat to the debtors' reorganization efforts."  Gray v. Hirsch, 230 B.R. 239, 243 (S.D.N.Y. 1999).  This may include where "the non-debtors are entitled to indemnification" or "when debtors need the services of non-debtors facing crushing litigation."  Id.  Again, defendant has proffered no evidence of any indemnification agreement, nor any evidence of Ms. Siderakis' involvement with Sid Boys' bankruptcy that would be hindered or impacted by this

lawsuit continuing against her. See Mardice v. Ebony Media Operations, LLC, 2021 WL 146358, at *4 (denying stay where defendants "have not produced copies of the individual Defendants' alleged indemnification agreements" nor "raised facts otherwise showing that Defendants [] are principal players in [the corporate defendant's] reorganization"). Further, "Second Circuit precedent unambiguously provides that 'there is no right to contribution or indemnification for employers held liable under the FLSA.'" Mitropoulos v. 401 Sunrise Corp., No. 17 CV 3618, 2019 WL 2452348, at *1 (E.D.N.Y. June 12, 2019) (citation omitted).

Given defendant's failure to provide any factual or legal support for the contention that the automatic stay should apply to Ms. Siderakis, and Ms. Siderakis' status as an employer alleged to have committed separate FLSA violations in this action, the motion for an extension of the automatic stay to defendant Siderakis is denied.[8]

## CONCLUSION

For the foregoing reasons, the Court denies defendant's motion to stay the proceedings. The parties are further Ordered to provide a status report as to discovery within 60 days of the date of this Order:   June 20, 2022.

---

[8] In certain circumstances, courts have found that even if an automatic stay is unwarranted, the Court may "utilize [its] discretionary power to stay the proceeding in the interest of justice and in control of their dockets." Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d at 65 (citing Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544-45 (5th Cir. 1983)). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Lightbody v. Girlie's Ambulette Serv. Inc., No. 09 CV 5493, 2010 WL 3417844, at *2 (Aug. 27, 2010) (quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). The burden of proving that a discretionary stay is justified falls on the party moving for a stay. Id. (quoting WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997)). Here, Ms. Siderakis has not requested a discretionary stay, nor has she submitted any evidence suggesting that a discretionary stay is warranted. In the absence of a sufficient showing that a discretionary stay is appropriate, the Court declines to exercise its discretionary authority to stay the proceedings against Ms. Siderakis. See Lightbody v. Girlie's Ambulette Serv. Inc., 2010 WL 3417844, at *2.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: April 19, 2022
       Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York

11