# EXHIBIT A

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
In the Matter of the Application of               File No. 2018-3369/A

IRENE SIDERAKIS,                                  **STIPULATION OF SETTLEMENT**

As Administrator of the Goods, Chattels
And Credits Which Were of

CHRISTOS SIDERAKIS,

        Deceased,

for Leave to Compromise and Settle Claims for Wrongful
Death and to render and Have Judicially Settled an Account
of the Proceedings as Such Administrator.
-----------------------------------------------------------------X

       This STIPULATION OF SETTLEMENT (the "Stipulation"), made effective as of May 14,

2024, by and among:

       IRENE SIDERAKIS ("Irene"), individually, as the suriving spouse and as Admnistrator of

the estate of Christos Siderakis (the "Decedent"), by her counsel Jarrett G. Roth, Esq. of the law

firm Schwartz Sladkus Reich Greenberg Atlas LLP and Jonathan L. Flaxer, Esq. of the law firm of

Golenbock Eiseman Assor Bell & Peskoe LLP; and

       THEMIS C. SIDERAKIS ("Themis"), the son and an intestate distributee of the Decedent;
and

       VASILIOS C. SIDERAKIS ("Vasilios"), the son and an intestate distributee of the Decedent;
and

       MARIOS C. SIDERAKIS ("Marios"), the son and an intestate distributee of the Decedent;
and

       DEMETRIOS C. SIDERAKIS ("Demetrios"), the infant son and intestate distributee of the

Decedent, by his court-appointed Guardian ad Litem, JOHN M. TOMSKY, ESQ. ( "GAL"); and

RICHARD J. McCORD, ESQ., ("Trustee"), as Chapter 7 Trustee of the Estate of Sid Boys Corp. d/b/a Kellog's Diner, by his counsel Robert D. Nosek, Esq. of Certilman Balin Adler & Hyman, LLP; and

ESGAR ROMERO, JAMIE ANTONIO BADILLO GODINEZ, JUAN LUNA, MIGUEL ALBERTO GARRO, GABRIELA ALVARENGA DIAZ, SPYRIDON NICHOLAS KATEHIS, MARTHA SPANOS, ELPIDIO VIVANCO FLORES, COSTAS GEORGOPOULOS and the putative class ("Claimants"), by their counsel, Michele A. Moreno, Esq. of the law firm Virginia and Ambinder, LLP.

Each of the foregoing sometimes referred to herein individually as a "Party" or, together, as "the Parties."

**WITNESSETH:**

WHEREAS, the Decedent died on April 25, 2018, a resident and domiciliary at the time of his death of Queens County, State of New York, survived by his distributees by: (i) his spouse Irene and (ii) four children, Themis, Vasilios, Marios and Demetrios; and

WHEREAS, Irene was granted Letters of Limited Administration in the estate of the Decedent on August 15, 2018; and

WHEREAS, Irene filed a petition for leave to compromise and settle claims for the Decedent's wrongful death and to judicially settle her account as Administrator of Decedent's estate; and

WHEREAS, by Order Appointing Guardian ad Litem, dated December 19, 2023, John M. Tomsky, Esq. was appointed as the Guardian ad Litem for Marios and Demetrios; and

WHEREAS, Marios has turned 18 and is no longer represented by John M. Tomsky, Esq. as his Guardian Ad Litem; and

WHEREAS, on or about January 2, 2024, the Court issued Citation, returnable on February 15, 2024; and

WHEREAS, Trustee appeared by his counsel and filed objections as to the proposed distribution of the recovery of the wrongful death cause of action settlement pursuant to EPTL 5-4.4 with a deviation from the formula provided by In re:Matter of Kaiser in the Wrongful Death Compromise Proceeding; and

WHEREAS, the Claimants appeared by their counsel and filed objections as to the proposed distribution of the recovery of the wrongful death cause of action settlement pursuant to EPTL 5-4.4 with a deviation from the formula provided by In re:Matter of Kaiser in the Wrongful Death Compromise Proceeding; and

WHEREAS, following the filing of the objections, the Parties, through counsel, having participated in settlement discussions before the Court, and wishing to avoid the uncertainty, further expense, and delay incident to protracted litigation regarding the Wrongful Death Compromise Proceeding, and they desire to resolve and settle the Objections raised and that could be raised in the wrongful death proceeding without further litigation pursuant to the terms of this Stipulation;

NOW THEREFORE, in consideration of the mutual promises and provisions set forth herein, subject to the fulfillment of the following, it is hereby agreed and stipulated by the Parties that the objections to the Wrongful Death Compromise Proceeding are settled as follows:

1. <u>Revised Allocation in Wrongful Death Compromise Proceeding</u>. The Petition and Account in the Wrongful Death Compromise Proceeding are hereby amended to reflect a revised distribution of the proceeds of the wrongful death recovery which provides that Irene will receive six hundred thousand ($600,000.00) dollars and zero cents in upfront cash and Themis, Vasilios, Marios and Demetrios will each receive the amount of five hundred ninety-two thousand and 54/100

($592,392.54) dollars to be utilized for the purchase of structured settlement annuities for Themis, Vasilios, Marios and Demetrios, respectively in accordance with the final Decree to be entered in this matter.

2. <u>Irene's Distribution</u>. From Irene's distribution, the sum of sixty-seven thousand ($67,000.00) dollars and zero cents will be paid to Irene's counsel Golenbock Eiseman Assor Bell & Peskoe LLP as escrow agent as full and final settlement of any Trustee's objections. The sum of one hundred forty-one thousand ($141,000.00) dollars and zero cents will be paid to Irene's counsel Golenbock Eiseman Assor Bell & Peskoe LLP as escrow agent as full and final settlement of Claimant's objections. The balance of Irene's distributive share will be distributed outright to Irene.

3. <u>Representation by Counsel</u>. The Parties agree that each Party has had sufficient opportunity to review this Stipulation with his or her respective counsel and has had an opportunity to consult with counsel of his or her choosing, that each have been represented by his or her own counsel as set forth in the recitals hereof, and that each executes this instrument after due consideration of his or her own volition. The Stipulation shall be deemed to have been collectively drafted by each and all of the Parties for all purposes involving its construction and enforcement.

4. <u>Settlement Authority</u>. Each of the Parties represent and warrant that he or she has the authority to execute this Stipulation and that execution and delivery of the Stipulation has been duly and validly authorized.

5. <u>Attorneys' Fees</u>. The Parties shall bear their own attorneys' fees, including, but not limited to, in connection with the drafting, execution, and performance of this Stipulation. However, the fee of the Guardian Ad Litem as determined by the Surrogate shall be paid by Irene individually.

6. **Fees in Event of Default.** In the event either Party is required to seek judicial relief for any alleged breach of this Stipulation, then the Party prevailing in such action shall be entitled to reasonable attorneys' fees, costs and disbursements associated with such action.

7. **Court Approval.** This stipulation shall be submitted to the Court for approval pursuant to SCPA § 2106. Such approval shall be subject to the Stipulation's approval by the United States Bankruptcy Court for the Eastern District of New York for the settlement of Trustee's claims, and the United States District Court, Eastern District of New York for the settlement of the Claimants' claims. Once approved by all Courts, this Stipulation shall be binding upon the Parties. The Parties agree to execute and submit to the Court all documents necessary to support any application for authorization or approval thereunder.

8. **Binding Effect.** All of the terms, covenants, conditions and releases herein contained shall be for and shall inure to the benefit of and shall bind the Parties hereto and their past, present and future agents, attorneys, representatives, issue, heirs, executors, administrators, successors, predecessors, and/or assigns, as the case may be, respectively.

9. **Counterparts.** The Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument, and signatures transmitted by electronic mail or facsimile shall be deemed and treated as original signatures.

10. **Court Jurisdiction and Governing Law.** For purposes of implementing and enforcing this Stipulation, the Parties agree that Surrogate's Court, Queens County shall have sole jurisdiction with respect to the matters herein set forth, that this Stipulation shall be construed by the Court according to the laws of the State of New York, without regard to conflict of law principles that would apply the substantive laws of another jurisdiction.

11. <u>Future Documents</u>.  The Parties shall cause to be executed and shall cooperate in the execution of any and all further documents reasonable and necessary to effectuate the terms, provisions and purposes of this Stipulation.

12. <u>Entire Agreement</u>.  The Stipulation contains the entire agreement between and among the Parties as to the subject matter set forth herein, and no stipulation, modification or addendum to the Stipulation shall be effective unless in writing dated subsequent to the date hereof and executed by the Parties.

*[remainder of page intentionally left blank; signature page to follow]*

IN WITNESS WHEREOF, the undersigned have executed this Stipulation of Settlement as of the date first set forth above.

SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP

By: _____
Jarrett G. Roth, Esq.
*Attorneys for Irene Siderakis*
444 Madison Avenue, 6th Floor
New York, New York 10022


Golenbock Eiseman Assor Bell & Peskoe LLP


By: _____
Jonathan Flaxer, Esq.
Moishe Solomon, Esq.
*Attorneys for Irene Siderakis*
711 Third Avenue, 17th Floor
New York, New York 10017


CERTILMAN BALIN ADLER & HYMAN LLP

By: _____
Robert D. Nosek, Esq.
*Attorneys for Respondent Richard J. McCord, Esq. as Chapter 7 Trustee of the Estate of Sid Boys Corp. d/b/a Kellogg's Diner, and solely in that capacity*
90 Merrick Avenue
East Meadow, New York 11554

IN WITNESS WHEREOF, the undersigned have executed this Stipulation of Settlement as of the date first set forth above.

SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP

By: _____
Jarrett G. Roth, Esq.
*Attorneys for Irene Siderakis*
444 Madison Avenue, 6th Floor
New York, New York 10022

Golenbock Eiseman Assor Bell & Peskoe LLP

By: _____
Jonathan Flaxer, Esq.
Moishe Solomon, Esq.
*Attorneys for Irene Siderakis*
711 Third Avenue, 17th Floor
New York, New York 10017

CERTILMAN BALIN ADLER & HYMAN LLP

By: _____
Robert D. Nosek, Esq.
*Attorneys for Respondent Richard J. McCord, Esq. as Chapter 7 Trustee of the Estate of Sid Boys Corp. d/b/a Kellogg's Diner, and solely in that capacity*
90 Merrick Avenue
East Meadow, New York 11554

VIRGINIA & AMBINDER, LLP

By: _____
Michele Moreno, Esq.
*Attorneys for Respondents Esgar Romero, Jamie Badillo Godinez, Elpifio Vivanco Flores, Miguel Garro, Juan Luna, Martha Spano, Gabriela Alvarenga, Spyridon Katehis, Costas Georgopoulos and the putative class*
40 Broad Street, 7th Floor
New York, New York 10004

_____
JOHN M. TOMSKY, Esq, *as Guardian ad Litem for Demetrios G. Siderakis*

Dated: _____, 2024
       Queens, NY

**SO ORDERED**

_____
Hon. PETER J. KELLY, Acting Surrogate

VIRGINIA & AMBINDER, LLP

By: *(signature)*
Michele Moreno, Esq.
*Attorneys for Respondents Esgar Romero, Jamie Badillo Godinez, Elpifio Vivanco Flores, Miguel Garro, Juan Luna, Martha Spano, Gabriela Alvarenga, Spyridon Katehis, Costas Georgopoulos and the putative class*
40 Broad Street, 7th Floor
New York, New York 10004

_____
JOHN M. TOMSKY, Esq., *as Guardian ad Litem for Demetrios C. Siderakis*

Dated: _____, 2024
     Queens, NY

**SO ORDERED**

_____

Hon. PETER J. KELLY, Acting Surrogate

PRESENT:   HON. PETER J. KELLY
                      ACTING SURROGATE

SURROGATE'S COURT : QUEENS COUNTY
-----------------------------------------------------------------X
In the Matter of the Application of Irene
Siderakis as Administrator of the Goods,
Chattels and Credits of

     CHRISTOS SIDERAKIS,                       File No. 2018-3369/A

                  Deceased,

for leave to compromise a certain cause of
action of the decedent and to render and have
judicially settled an account of the proceedings
as such Administrator.
-----------------------------------------------------------------X

      The petition for leave to settle causes of action for personal injuries and the wrongful death of the decedent is granted as follows:

      The settlement of the cause of action for the wrongful death of the decedent in the amount set forth in the petition is approved.

      The discontinuance of the cause of action for the personal injuries of the decedent is approved.

      Attorney's fees and disbursements were previously approved by order of the Supreme Court of Queens County dated October 17, 2023.

      The Guardian ad Litem for the infants has entered into a stipulation of settlement with the petitioner and the objectants dated May 14, 2024, in furtherance of the best interests of his wards and subject to the approval of the court.

The Court finds the stipulation to be just and reasonable and authorizes the Guardian ad Litem to enter into this stipulation on behalf of his wards.

The court approves the purchase of the non-assignable annuities as part of the structured settlement for the benefit of the infant distributees pursuant to the stipulation.

The annuities shall not be factored, sold, transferred, or otherwise assigned without prior order of the court.

The net proceeds of the settlement of the cause of action for wrongful death shall be distributed in accordance with the aforesaid stipulation of settlement.

The Guardian ad Litem herein shall file a supplemental report within 60 days from the date of the decree to be entered hereon showing whether the decree has been complied with insofar as it affects his wards.

The filing of a bond with respect to the within settlement proceeds is dispensed with.

Settle decree.

Dated: May 30, 2024

ACTING SURROGATE