UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESGAR ROMERO,
*individually and on behalf of all other persons similarly situated who were employed by SID BOYS CORP d/b/a KELLOGGS DINER, and CHRISTOS SIDERAKIS and IRENE SIDERAKIS, individually,*

                                                Plaintiff,

                -against-

SID BOYS CORP., *et al.*,

                                 Defendants.
------------------------------------------------------------X

**ORDER**
18 CV 6583 (CLP)

**POLLAK**, United States Magistrate Judge:

       On November 19, 2018, plaintiff Esgar Romero filed a complaint against Sid Boys Corp. d/b/a Kellogg's Diner, Christos Siderakis, and Irene Siderakis ("defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL") §§ 190, et seq. and §§ 650, et seq. (Compl.[1]). Plaintiff commenced this action to recover unpaid minimum and overtime wages, unpaid spread of hours wages, and penalties for violations of wage statement and notice requirements.

       Plaintiff alleges he worked as a delivery person for defendants from September 9, 2013 to October 29, 2017, and as a delivery person and food preparer beginning in October 2017. (Id. ¶ 24). He worked 35 hours per week as a delivery worker, and 82 hours a week beginning October 2017. (Id. ¶ 25). He alleges he was paid a weekly wage of $100, plus tips, as a delivery worker, and $250, plus tips as a delivery worker and food preparer. (Id. ¶¶ 26, 27). Plaintiff alleges violations of spread of hours, wage statement, and wage notice requirements. (Id. ¶¶ 3, 4).

---

[1] Citations to "Compl." refer to the Complaint filed by plaintiff Esgar Romero on November 19, 2018 (ECF No. 1).

1

On May 13, 2019, the parties filed a stipulation to certify the Collective pursuant to the FLSA, 29 U.S.C. § 216(b). (ECF No. 24). On May 13, 2019, the Court So Ordered the stipulation. (ECF No. 25). Thereafter, eleven additional plaintiffs opted in to the action. (See ECF Nos. 8, 12, 13, 27, 28, 29, 31, 32).

On August 31, 2021, an automatic bankruptcy stay was issued as to defendant Sid Boys Corp., and on May 26, 2023, the stay was extended to defendant Irene Siderakis, pending a proceeding in the United States Bankruptcy Court of the Eastern District of New York. (ECF Nos. 40, 49; see In re Sid Boys Corp. DBA Kellogg's Diner, Case No. 21-42207-ess). Separately, on November 2, 2023, defendant Irene Siderakis filed a wrongful death action in the Surrogates Court of Queens County, New York. (See ECF No. 54; see In The Matter of The Estate of Christos Siderakis, File No. 2018-3369A).

On November 21, 2024, the parties consented to the undersigned's jurisdiction. (ECF Nos. 64, 65). Currently before this Court is the parties' joint letter motion for settlement approval (ECF No. 54), and counsel's Motion to Withdraw as an attorney for opt-in plaintiff Alicia Alvarenga (ECF No. 57).

For the reasons set forth below, counsel's Motion to Withdraw is granted and plaintiff Alicia Alvarenga is dismissed from the action, and the Motion for Settlement Approval is granted.

<div align="center">DISCUSSION</div>

I. Motion to Withdraw as Attorney

On July 24, 2024, counsel for opt-in plaintiff Alicia Alvarenga filed a Motion to Withdraw as Attorney, based on plaintiff's lack of communication. (ECF No. 57). Plaintiffs' counsel explains that, since joining the instant action, Ms. Alvarenga has not responded to counsel's attempts to reach her. (Id.) Plaintiffs' counsel attempted to contact Ms. Alvarenga at

<div align="center">2</div>

least six times between August 27, 2019, and July 1, 2024, without success.  (Id.)  Having heard nothing from her during this almost five-year period, plaintiffs' counsel now seeks to withdraw from further representation of Ms. Alveranga.  Defendants do not object to the Motion to Withdraw.  (Id.)

The Court issued an Order on July 26, 2024, setting a deadline of August 9, 2024 for Ms. Alvarenga to file objections to the Motion to Withdraw.  (ECF No. 59).  Plaintiff did not respond to the motion by the deadline.  The Court then gave Ms. Alvarenga until October 18, 2024, to contact the Court or else the Motion to Withdraw would be granted and the Court would terminate her as a party to this action.  (ECF No. 62).  As of the date of this Order, Ms. Alvarenga has not contacted the Court.

In light of the above, counsel's Motion to Withdraw is granted.  As the Court concludes that Ms. Alvarenga no longer wishes to participate as an opt-in plaintiff in this case, she is hereby terminated as a party to this action.

II.   Motion for Settlement Approval

On July 8, 2024, the parties filed a joint Motion for Settlement Approval (the "Motion" or "Mot.") (ECF No. 54).  In support of the Motion, the parties attached a copy of the proposed settlement agreement[2] (the "Agreement" or "Agr.") (ECF No. 54-1).  The Court held a fairness hearing pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 200 (2d Cir. 2015), cert. denied, 577 U.S. 1067 (2016), on July 25, 2024.  (See Minute Entry, dated July 25, 2024). During the hearing, the Court Ordered counsel to submit a letter regarding the status of the bankruptcy proceeding, as well as copies of approvals of the settlement agreement from the

---

[2] The Motion states that the Agreement is on behalf of the named plaintiff, Esgar Romero, and eight of the eleven opt-in plaintiffs.  (ECF No. 54 at 1).  Of the remaining three opt-in plaintiffs, two have filed notices of withdrawal of their consent to become party in the Collective action.  (See ECF Nos. 55, 56).  The final plaintiff excluded from the Agreement is Alicia Alvarenga, who this Court terminated as a party to this action, *supra*.

3

Bankruptcy Court and Surrogate's Court. (See id.) In addition, the Court Ordered plaintiff to submit billing records to the Court for lodestar analysis. (Id.) On July 25, 2024, counsel for the Trustee in the bankruptcy proceeding filed a letter regarding the status of the bankruptcy proceeding (ECF No. 58), and on July 30, 2024, plaintiff filed plaintiffs' counsel's billing records (ECF No. 61).

    A.    Legal Standard

Parties may not "privately settle FLSA claims with a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41 absent the approval of the district court . . . ." Fisher v. SD Prot. Inc., 948 F.3d 593, 599 (2d Cir. 2020) (citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 200). In determining whether to approve an FLSA settlement, courts consider whether the agreement "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)). Courts within this Circuit have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Fisher v. SD Prot. Inc., 948 F.3d at 600 (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (applying the Wolinsky factors).

4

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d at 606 (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at 606. Rather, if a court finds one or more provisions of an FLSA settlement agreement to be unreasonable, the court must reject the proposed settlement. Id. at 605.

B.  Analysis

The Court addresses each of the relevant terms of the Agreement in turn and, for the reasons discussed below, finds that the terms of the Agreement are fair and reasonable.

1. Settlement Amount

The parties agreed to resolve plaintiffs' FLSA and NYLL claims for $141,000.00 (the "Total Settlement Amount"). (Mot. at 3; Agr. ¶ 3). Under the terms of the Agreement, the Total Settlement Amount is structured to compensate plaintiffs as follows:

- $2,000.00 payable to Esgar Romero for a service award (Agr. ¶ 3(b));
- $92,470.00 apportioned to the eight plaintiffs (id. ¶ 3(c)); and
- $41,530.00 in attorneys' fees and costs to Virginia & Ambinder, LLP, and $5,000.00 to TakeRoot Justice (id. ¶ 3(a)).

The parties believe the Total Settlement Amount is reasonable given the nature of the claims and defenses asserted by the parties and the risks of continued litigation. (Mot. at 3). Moreover, the parties note that settlement was reached "after attending a private mediation with an experienced labor and employment mediator and several settlement conferences before the Honorable Peter J. Kelly of the Surrogate's Court." (Id. at 4-5).

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiffs would face in pursuing their claims, and seeing no issues regarding potential coercion, fraud, or collusion in this case, the Court finds that the settlement amount reached is a fair and reasonable compromise.  See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.  In addition, the Court finds that the service award to plaintiff Romero is acceptable.  See Diaz v. Scores Holding Co., No. 07 CV 8718, 2011 WL 6399468, at *3 (S.D.N.Y. July 11, 2011) (holding that "[i]n FLSA collective actions, just as in Rule 23 class actions, service awards are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff" and finding $7,000 service awards reasonable).

2. Non-Monetary Terms

According to the Agreement, plaintiffs agree to release defendants from all claims of any alleged violations of the FLSA and the NYLL.  (Agr. ¶ 6).  The release is limited to wage and hour and other employment claims arising from plaintiffs' relationship with defendants.  (Id.)  A limited release such as this does not offend Cheeks.  See Lazaro-Garcia v. Sengupta Food Servs., No. 15 CV 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (stating "[i]f the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action"); Cf. Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (holding that "broad general releases" contravene the protective nature of the FLSA), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release "from all actions and/or claims for unpaid overtime or wages . . . and any other actions and/or claims . . . , known or unknown" violated the FLSA).

6

The Court also notes that the Agreement does not contain any confidentiality clauses regarding the alleged claims, non-employment clauses, or non-disparagement clauses that do not contain a carve-out for truthful statements, all of which have previously been rejected by courts in this Circuit.  See Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (collecting cases and explaining that confidentiality and broad general release clauses are impermissible), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case").

### 3. Attorneys' Fees and Costs

A court reviewing a request for attorneys' fees in connection with an FLSA settlement is required to examine the fee request for reasonableness, and the attorney(s) to whom the fee is to be paid must submit adequate documentation supporting the request.  See, e.g., Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015); Fisher v. SD Prot. Inc., 948 F.3d at 600.  Courts in this Circuit have routinely found an award representing one-third of the settlement amount (after deduction of costs) to be reasonable, although courts will also engage in a lodestar analysis to confirm the reasonableness of the fee request.  See Allen v. County of Nassau, 2023 WL 4086457, at *5 (collecting cases).  Ultimately, the goal is to sufficiently compensate plaintiffs' counsel for the risk associated with taking on contingent fees in FLSA cases without unduly deducting from the plaintiffs' total recovery.  See Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (noting that "FLSA requires judicial review of

7

the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement").

The original Agreement seeks an award of attorneys' fees and costs totaling $46,530.00, which is 33% of the total settlement amount. (Mot. at 4; Agr. ¶ 3(a)). While the original Motion did not include plaintiffs' counsel's billing records, plaintiffs subsequently submitted billing records for lodestar analysis. (ECF No. 61). The records indicate that plaintiffs' counsel billed $273,148.27 in legal fees and costs, with over 20 attorneys working over 1,000 hours on the case. (Id.) Given the instant matter commenced almost six years ago and involves multiple plaintiffs in a Collective action, and considering that the total award represents a significant discount of the amount counsel actually billed, the Court finds the award of attorneys' fees and costs fair and reasonable.

4. Bankruptcy and Surrogate's Court Proceedings

On July 25, 2024, counsel for the Trustee of the estate of defendant Sid Boys Corp. in the Chapter 7 Bankruptcy proceeding filed a letter with this Court. (ECF No. 58). The letter explains that, although there is a bankruptcy stay in place pending the proceeding of the U.S. Bankruptcy Court for the Eastern District of New York, the Bankruptcy Court held a hearing on the reasonableness of the Agreement and approved the Agreement on July 24, 2024. (Id. at 1, Ex. B). In addition, the Surrogate's Court of Queens County, New York, approved the instant Agreement in May 2024. (Id. at 1, Ex. A).

Notwithstanding the fact that the bankruptcy stay remains in effect in this case, this Court moves forward in making a determination on the Agreement, given its approval by both the Bankruptcy Court and Surrogate's Court.

8

5. <u>Retention of Jurisdiction</u>

The Court recognizes that the parties wish to have the Court retain jurisdiction to enforce the Agreement. (Agr. ¶ 11). The parties are reminded that a court's approval of a settlement agreement under <u>Cheeks</u> alone is not sufficient as a basis for retaining federal jurisdiction over enforcement of that FLSA settlement agreement. See <u>Melchor v. Eisen & Son Inc.</u>, No. 15 CV 113, 2016 WL 3443649, at *6 (S.D.N.Y. June 10, 2016) (noting that "a district court does not retain jurisdiction to enforce a settlement merely by placing its 'judicial imprimatur' on the parties' settlement, such as by approving the settlement agreement as fair and adequate"); <u>Mao v. Mee Chi Corp.</u>, No. 15 CV 1799, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (holding there is no "suggestion in <u>Cheeks</u> that by mandating review of FLSA settlements, the Second Circuit Court of Appeals was creating federal jurisdiction over enforcement of all such agreements"); <u>Kim v. WJ Grp., Inc.</u>, No. 18 CV 3833, 2020 WL 13695808, at *2 (E.D.N.Y. Nov. 2, 2020) (collecting cases). If the parties wish for the Court to retain jurisdiction for purposes of enforcing the Agreement, they should make it explicit in their stipulation of dismissal.

<u>CONCLUSION</u>

For the reasons set forth above, the Court grants plaintiff counsel's Motion to Withdraw and the parties' Motion for Settlement Approval.

Plaintiff Alicia Alvarenga's counsel's Motion to Withdraw is granted and plaintiff Alvarenga is terminated as a party to this action. Counsel is Ordered to promptly serve a hard copy of this Order on the plaintiff at her last known address, as well as an electronic copy to her last known email, and to file proof of service thereafter.[3]

---

[3] Counsel may file proof of service in the form of a single cover letter with exhibits demonstrating service on the unresponsive plaintiff.

The parties' Motion for Settlement Approval is granted. After holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement reflected in the Agreement is a fair and reasonable compromise of plaintiff's claims. The Court reached its determination after considering the amount received, the issues that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel. See Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 355 (examining the factors courts consider when approving FLSA settlement agreements). The stipulation of dismissal is due by **December 13, 2024**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 22, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

10